## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES L. JARRELL,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0056**   (BOR Appeal No. 2046208)
                        (Claim No. 2009062317)

**EASTERN ASSOCIATED COAL CORPORATION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles L. Jarrell, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal Corporation, LLC, by Ann B. Rembrandt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2011, in which the Board affirmed a July 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 11, 2009, decision granting Mr. Jarrell a 10% permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jarrell allegedly suffered exposure to the hazards of occupational pneumoconiosis while working as an electrician and coal miner for Eastern Associated Coal Corporation, LLC. On December 16, 2008, Dr. Kinder, from the Occupational Pneumoconiosis Board, concluded there was sufficient evidence to justify a diagnosis of occupational pneumoconiosis with 10% pulmonary function impairment attributable to this disease. On March 30, 2009, Dr. Rasmussen determined that Mr. Jarrell suffered a 30% permanent partial disability due to his occupational dust exposure. On April 6, 2009, Dr. Gaziano concluded that Mr. Jarrell had approximately 25% pulmonary functional impairment related to his occupational pneumoconiosis. On October 26, 2010, Dr. Castle opined that Mr. Jarrell had no form of occupational pneumoconiosis. On

1

October 28, 2010, Dr. Fino concluded that Mr. Jarrell could not have more than 10% abnormality or impairment due to occupational pneumoconiosis.

The Office of Judges affirmed the claims administrator's decision, and held that the Occupational Pneumoconiosis Board was correct in finding that Mr. Jarrell had a 10% pulmonary function impairment due to occupational pneumoconiosis. On appeal, Mr. Jarrell disagrees and asserts that Dr. Rasmussen and Dr. Gaziano both found that he had more than 10% pulmonary functional impairment attributable to occupational pneumoconiosis, and that the Occupational Pneumoconiosis Board's apportionment of all impairment beyond 19% to non-occupational asthma was erroneous.

The Occupational Pneumoconiosis Board evaluated Mr. Jarrell four times over a period of twenty years, and administered ventilator studies in 2003 and 2008 with before and after bronchodilator. The results showed reversibility of impairment after bronchodilator which is consistent with bronchospastic disease, and the Occupational Pneumoconiosis Board's testimony noted that impairment due to occupational pneumoconiosis is generally permanent and irreversible. The Occupational Pneumoconiosis Board discredited Dr. Gaziano's recommendation because he treated asthma as if it was easy to resolve, and the Occupational Pneumoconiosis Board testified that with recurring bouts of bronchospastic disease, one's ability to respond to bronchodilators and to revert to normal decreases, and then you have permanent impairment due to asthma. The Occupational Pneumoconiosis Board discredited Dr. Rasmussen's recommendation in which he found there was no clear cut evidence of asthma as not being persuasive because Mr. Jarrell has a known history of asthma. The Occupational Pneumoconiosis Board relied on Dr. Castle and Dr. Fino's recommendations in that neither indicated that Mr. Jarrell had more than 10% pulmonary function impairment due to occupational pneumoconiosis. The Office of Judges relied on the Occupational Pneumoconiosis Board's recommendation of 10% permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of December 23, 2011. We agree with the reasoning and conclusions of the Board of Review

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2